ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Thomas C. Hinesley
Deputy Public Defender

Kathleen Cleary
Deputy Public Defender

Laura L. Volk
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 16 2009, 1:53 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

_____

No. 15S00-0512-PD-617

TOMMY PRUITT,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

_____

Appeal from the Dearborn Circuit Court, No. 15C01-0109-CF-054
The Honorable James D. Humphrey, Judge

_____

On Petition for Rehearing

_____

**June 16, 2009**

**Per curiam.**

In <u>Pruitt v. State</u>, 903 N.E.2d 899 (Ind. 2009), this Court affirmed the denial of Tommy

Pruitt's petition for post-conviction relief in respect of his conviction for murder and sentence of

death. Pruitt now seeks rehearing on grounds that this Court erroneously found five of his post-conviction claims of ineffective assistance of counsel procedurally defaulted. He contends that he adequately raised each of these claims, and that the Court should have reviewed them on the merits, instead of dismissing them through waiver.

This Court has reviewed these contentions and concludes that we were correct to hold four of these claims to have been procedurally defaulted or otherwise adequately addressed their merits in our opinion.

We do agree, however, that we should have reviewed on the merits Pruitt's claim that trial counsel was ineffective for misinforming the jury that the State would present expert testimony rebutting Pruitt's mental retardation.

Trial counsel, in opening statement to the jury, stated:

> I'm sure the State will have their experts come in here and say, Tommy's not mentally retarded, but make no doubt about it, we believe that every single expert that will come here will tell you that if Tommy is not mentally retarded, he's just a fraction away and that it's a difference without a distinction, a person with a 71 IQ is functionally the equivalent of a person with a 69 IQ.

(Trial Tr. 4960.)

The post-conviction court (PC court) made certain findings of fact from which it concluded that trial counsels' performance in this regard was not deficient, as follows:

> First, the above is clearly a statement of what trial counsel expected Dr. Groff to say, and not a promise to the jury regarding what they were going to hear. Regardless, based upon what transpired at the pretrial hearing on mental retardation, the statement expresses a reasonable expectation regarding the testimony. Moreover, the statement is reasonably accurate estimate of the State's expert testimony at the penalty phase with regard to mental retardation. Knowing that there had already been an adjudication that Pruitt was not mentally retarded under the statute, trial counsel made a reasonable effort to condition the jury to consider his borderline intellectual functioning in mitigation.

2

(App. to the Br. of the Petitioner-Appellant at 679) (emphasis in the original).

As discussed in our opinion, see Pruitt, 903 N.E.2d at 905, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id. (citing Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001) (quoting Miller v. State, 702 N.E.2d 1053, 1058 (Ind. 1998), cert. denied, 528 U.S. 1083 (2000))). Our review of the PC court's findings and conclusions do not lead us to an opposite conclusion than that reached by the PC court.

Pruitt's petition for rehearing is denied.

Shepard, C.J., and Dickson, Sullivan, and Boehm, JJ., concur.

Rucker, J. dissents.

**Rucker, Justice, dissenting.**

For the reasons set forth in my dissenting opinion in <u>Pruitt v. State,</u> 903 N.E.2d 899, 940 (Ind. 2009), I would grant rehearing, vacate the judgment of the post-conviction court, and remand this cause with instructions to impose a term of years.